**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4041

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY ALLEN KIRKPATRICK,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:03-cr-00017)

Submitted:  November 30, 2006        Decided:  December 27, 2006

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Donald David Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Allen Kirkpatrick was convicted by a jury of two counts of abusive sexual contact with a child under the age of twelve years in violation of 18 U.S.C. § 2244(a)(1), (c) (2000) and sentenced to concurrent terms of seventy-one months in prison followed by three years of supervised release. On appeal, we granted the parties' joint motion for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). On remand, Kirkpatrick objected to his sentence enhancements under U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§ 2A3.4(b)(3), 4B1.5(b)(1) (2003), because they were determined by the district court by a preponderance of the evidence. The district court overruled the objections and again sentenced Kirkpatrick to seventy-one months in prison and three years of supervised release. On appeal, Kirkpatrick's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in determining Kirkpatrick's advisory guideline range. Kirkpatrick was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th

Cir. 2005). A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This presumption can only be rebutted by showing the sentence is unreasonable when measured against the factors under 18 U.S.C. § 3553(a) (2000). United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), pet. for cert. filed, __ U.S.L.W. __ (July 21, 2006) (No. 06-5439). In considering whether the sentence is unreasonable, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

We have reviewed the record and conclude Kirkpatrick's sentence is reasonable. The district court properly found his advisory guideline range using facts found by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Both the two-level supervisory control enhancement under U.S.S.G. § 2A3.4(b)(3) and the five-level increase for repeat and dangerous sex offender against minors under U.S.S.G. § 4B1.5(b)(1) were properly applied in this case. Because Kirkpatrick's sentence was within a properly calculated guideline range, it is presumptively reasonable. The district court

considered the range, the factors under 18 U.S.C. § 3553(a) (2000), and the parties' potentially meritorious arguments and reasonably concluded a sentence at the high end of the range was appropriate in this case.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>